### HYDE & GOODRICH *vs.* SMITH ET AL

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The party or consignee who claims to have a privilege on property consigned
for *advances*, must show, *affirmatively*, that the property was at his dis-
posal, or that he had received a bill of lading or letter of advice, *previous*
to the seizure, or he cannot hold against an attachment.

The plaintiffs sue as holders of a promissory note, for three
thousand five hundred and thirty-two dollars, with interest,
and endorsed by the defendants, Smith, Goozey and others,

all residing out of the state.  Suit was instituted the 18th of
October, 1836, by attachment, and on the 25th of November
following, it was levied on forty-three bales of cotton, which
the sheriff took into his possession from on board the steamer
Bunker Hill.

EASTERN DIST.
*March,* 1838.

HYDE
AND GOODRICH
*vs.*
SMITH ET AL.

N. & E. Ford & Co., filed their petition of intervention
on the next day, alleging that the cotton under seizure,
belonged to Peter C. Goozey, of Mississippi, who was
indebted to them in the sum of three thousand and seventy-
five dollars, as commission merchants, for *advances,* and
which he had bound himself to pay from his cotton crop
then growing ; that in furtherance of said contract, he had
shipped to them the said forty-three bales of cotton, for
which they had received his bill of lading, and in conse-
quence thereof, had a privilege over all others, on the cotton
in dispute.  An attorney was appointed to represent the
absent defendants, who pleaded a general denial, and put
the plaintiffs on strict proof of their demand.

The plaintiffs, in answer to the petition of intervention,
pleaded a general denial, and denied specially that any
advances were made as alleged.  They pray that the inter-
vention be dismissed.

Upon these pleadings and issues the case was tried.

The evidence showed, that the cotton in question, was
shipped on board the steamer Bunker Hill, the 21st Novem-
ber, in Mississippi, and consigned to the intervenors, with a
bill of lading endorsed to them, and a letter of advice.

A witness for the plaintiffs, swears the cotton was attached
on board the Bunker Hill, early in the day, he thinks before
10 o'clock of the 25th November.  Page, a witness for the
intervenors, states, that he saw the cotton mentioned in the
bill of lading, on the morning of the day it was attached ;
that he heard of the arrival of the cotton before he heard of
the attachment being levied.  It was about 9 o'clock in the
morning, when the intervenors heard of the arrival of the
cotton ; he cannot say if the bill of lading was received
before his seeing the cotton, but he is under the impression

EASTERN DIST.
*March,* 1838.

HYDE
AND GOODRICH
*vs.*
SMITH ET AL.

it was, and he saw the cotton between 11 and 12 o'clock of the day the attachment was levied.

There was judgment for the plaintiffs, from which the intervenors appealed.

*I. W. Smith,* for the plaintiffs.

1. Intervenors have not proved the receipt of the bill of lading, nor of the cotton prior to service of the attachment.

2. Intervenors have not proved payment by them of the bill of exchange. The owner of the cotton received the money before acceptance, and from the payee, who is not shown to have been legally authorized at that time to endorse for intervenors. Possession of the bill, without proof that it has been in circulation since acceptance is not even *prima facie* evidence of payment. *Chitty on Bills,* 637.

3. Intervenors have not proved the existence of the cotton at the time of the alleged advances. The article of the code invoked by appellants applies only to property existing at the making of the advances. It provides for a pledge which can exist only by actual transfer. The court of cassation limits the privilege now claimed, to advances made *after* the receipt of the bill of lading, or of the property. 3 *Louisiana Reports,* 154. 1 *Louisiana Reports,* 363. *Code de Commerce, article* 93. *Dalloz, Recuil Periodique* 31, 2, 117. 17 *Locré, Legislation,* page 42, 364. 4 *Pardessus Cours de droit Commercial, n.* 1203.

*Jones,* for the intervenors.

1. The evidence shows, that the appellants received a bill of lading, had notice of the consignment, and that the cotton was under their control previous to the attachment.

2. It is shown that the advance was made, and the cotton attached was consigned for the purpose of meeting and paying off the sum advanced ; and under such circumstances the consignee has a privilege. *Louisiana Code, article* 3214.

*Carleton, J.,* delivered the opinion of the court.

This suit is instituted by attachment on a promissory note, and a quantity of cotton seized, as the property of one of the

EASTERN DIST.
March, 1838.

HYDE
AND GOODRICH
vs.
SMITH ET AL.

endorsers, whose liability to the holders is established by proof of his signature, and notice of the dishonor of the obligation.

The controversy arises, mainly on the intervention of Ford & Co., of New-Orleans, consignees of the cotton, on which they claim a privilege for advances, having received, as they aver, a bill of lading therefor, before it was attached by the sheriff.

The court decreed in favor of the plaintiffs, and the intervenors appealed.

By article 3214 of the Civil Code, the consignee has a privilege upon the goods consigned, " if they are at his disposal in his stores, or in a public warehouse ; or if, before their arrival, he can show by a bill of lading, or letter of advice, that they have been despatched to him.

It, therefore, appertained to the intervenors to show affirmatively, either that the cotton was at their disposal, or that they had received a bill of lading or letter of advice, previous to the seizure by the sheriff, otherwise the interventional claim cannot prevail. 1 *Louisiana Reports*, 359.

The party or consignee who claims to have a privilege on property consigned for advances, must show, affirmatively, that the property was at his disposal, or that he had received a bill of lading or letter of advice, previous to the seizure, or he cannot hold against an attachment.

We have carefully examined the testimony coming up with the record, and find abundant proof that the attachment was levied in the forenoon of the 25th November, 1836, before the cotton had come to the possession of the consignees. But it does not appear at what time they received the bill of lading, or letter in which it was enclosed. The principal witness who speaks to this point, is Page, their clerk, who states that " he cannot say when the bill of lading was received, but is certain it was received on that day, at what hour he cannot say."

We think with the judge who tried the cause in the first instance, that the testimony is not sufficient to support the claim set up by the intervenors, and that the judgment ought to be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed ; that the intervenors and appellants pay the costs of appeal, and the defendant those of the court below.