## Fleury v. Murphy.

A judge must, in all cases, assign the reasons on which his judgment is founded, or it will be null; but the omission to refer to the particular law in virtue of which it is rendered, will not render it null. Const. art. 70.

APPEAL from the Second District Court of New Orleans, *Canon*, J. Biron, for the appellant. *Redmond* and *Budd*, for the defendant.

The judgment of the court was pronouced by

King, J. The plaintiff has instituted this action to recover the possession of a lot of ground of which he is the owner, and of which he alleges that the defendant, *Murphy*, has taken and holds illegal possession. He further claims $500 damages for the alleged wrongful acts of the defendant. The plaintiff's claim was rejected in the court below, and he has appealed.

The principal question presented is one of fact, whether or not the plaintiff leased the lot in controversy to the defendant. One of the witnesses, whose credibility is not impeached, and whose testimony is uncontradicted, expressly declares, that he was present when the parties were treating in relation to the lease, and that the plaintiff verbally let the premises to the defendant at a month-ly rent of $5, and agreed that the lease should continue as long as he remained the owner of the property. Two other witnesses, both tennants of the plaintiff, say that on the day on which the contract is stated to have been made, the plaintiff called on them, expressed his desire to lease the ground to the defendant, and asked their assent to this disposition of it, as its occupation by the defendant might incommode them. Their assent was given. These circumstances strongly coroborate the testimony of the witness, who declares that the contract was positively entered into. A few hours after the agreement for the lease, the plaintiff held a second conversation with the defendant, at the conclusion of which he was asked by one of the witnesses, what was the result ? He replied, " Il n'y a rien de fait" ; and his subsequent conduct shows that he considered himself at liberty to recede from his engagement, and that he had put an end to the contract, by this early notice of his intention to do so. The defendant, however, insisted on carrying it into effect, and there is no evidence of his consent that it should be rescinded.

There appears to us but slight conflict, if any, between the testimony of *Massé* and *Ames*, the witnesses principally relied on by the parties respectively. A conflict could only arise on the supposition that their testimony related to one and the same conversation; whereas the latter details the first conversation, which resulted in a contract, and the former the second conversation, at the conclusion of which he was informed by the plaintiff, that no agreement had been made.

It has been urged that *Fleury* understood the English so imperfectly, as not to be able to enter into a contract in that language. It is shown, however, that he has made other contracts of lease through the medium of the English, and that *Murphy* speaks the French. The contract having been entered into, the plaintiff could only dissolve it for a legal cause, and none such has been shown.

It is contended that the judgment appealed from is null, because the judge

FLEURY
v.
MURPHY.

has failed to cite the particular law in virtue of which it was rendered, in viola-
tion, as it is urged, of the 70th article of the constitution.

This article is a literal copy of sec. 12, art. 12 of the constitution of 1812,
under which it has been repeatedly held that the judge must, in all cases, assign
the reasons for his judgment, otherwise it will be null, but that he is not com-
pelled to cite the particular law on which his decision is founded ; for, however
familiar he may be with the legal principle on which he pronounces, it may be
impossible, at the time, to refer to the particular chapter or page at which it is to
be found. 3 Mart. N. S. 154.   10 Mart. 162.   4 Mart. 463.   12 La. 144.

The judge has, in the present instance, given the reasons for his judgment at
length, and, under the authority of numerous adjudicated cases, has satisfied
the constitutional requisition.                              *Judgment affirmed.*